J. E. RYAN v. THE STATE.

No. 19667. Delivered May 4, 1938.
Rehearing denied June 22, 1938.

The opinion states the case.

*J. R. Porter,* of Clarendon, and *Mahan & Broughton,* of Childress, for appellant.

*John Deaver,* District Attorney, of Memphis, *Dayton Moses,* of Fort Worth, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of cattle; the punishment, confinement in the penitentiary for two years.

In July, 1936, J. E. Hunt lost 17 cows and 11 calves from his pasture near Jericho, Texas. The cows were branded "4" on the right neck and "H" on the right jaw. The calves were branded "H" on the right hip. On the 14th of July, 1936, appellant shipped 17 cows and 11 calves from Jericho to Oklahoma City, consigning same to Bill Davenport, c/o Drovers' Livestock Commission Company. This shipment was over the Rock Island Railroad in their car No. 73,678. At 9:15 A. M. on the 15th of July, 1936, Rock Island car No. 73,678 carrying the 17 cows and 11 calves appellant had shipped from Jericho was received in the yards of Oklahoma National Stock Yards Company by C. J. McFarland, an employee of said company. At this juncture we quote from the testimony of Mr. McFarland, as follows:

"I am familiar with the Drover Livestock Commission Company's pens. They had allotted pens in the yard. I am familiar with Bill Davenport. He worked with Drovers' at that time. The cattle coming in on July 15th, consigned to Bill Davenport, in care of Drovers' Livestock Commission Company, just to illustrate to the jury the route the cattle would take and the procedure in turning them over to the commission company usually they would be unloaded in one of these chute pens and counted out of that and there will be a man go ahead of the cattle and another behind them to the Drovers' sale pen. In the shipment of cattle in Rock Island car No. 73,678 testified about yesterday they were unloaded at 9:15 A. M. in chute 4. I can say the cattle were delivered to Drovers' at the chute. * * *

The notation is 17 cattle and 11 calves, I put that there. Notes, notations were placed there on the date, July 15th. These notations in that manner constitutes a part of the regular records in handling transactions of that nature. Those records are regularly kept in the course of our business. * * * One car of livestock on July 15th came into the stock yards of Oklahoma City over the Rock Island. This particular car. There was no other car over the Rock Island."

Between 9 and 10 o'clock in the morning of July 15th, 1936, J. D. Gillmore, brand inspector of the Texas and Southwestern Cattle Raisers' Association, went to the Drovers' Livestock Commission pens in the cattle yards of the Oklahoma National Stock Yards Company and inspected some cows and calves. He testified, in part, as follows:

"Upon July 15th, 1936, I was familiar with the location of the Drovers' Livestock Commission pens allotted to them by the Oklahoma National Stock Yards Company. On that date I went into said pen. I looked at all of the cattle in the alley. I didn't count the number of cattle. I have a record that I made at the time of the inspection. I made the record about 10 o'clock in the morning, between 10 and 9 in the morning of the 15th of July."

The witness testified further that the cows were branded "4" on the right neck and "H" on the right jaw. The calves were branded "H" on the right hip. Again, we quote from his testimony, as follows: "I inspect all of the cattle that come in by rail to the Oklahoma National Stock Yards Company. As to on July 15th, the day I have just testified about, inspecting any other cattle on that date, that came in by rail over the Rock Island, there was one or two cars, I think two cars, but they were from Stonewall, Oklahoma. One car of mixed cattle on that same date came from Stonewall, Oklahoma. * * * I don't know what railroad brought them in, they might have come in over the Katy or Santa Fe. They could have come on the Katy to Shawnee and over the Rock Island. * * * There were no other cars that day that came over the Rock Island from the west."

On the 15th of July, 1936, the Drovers' Livestock Commission Company sold the cows and calves in question to the Wilson Packing Company in Oklahoma City. On the same date the said Drovers' company executed their check in the sum of $644.24 payable to appellant. This check was indorsed and cashed by the appellant.

After missing his cows and calves Mr. Hunt went to Oklahoma City where he learned that the 17 cows and 11 calves which appellant had shipped from Jericho had been sold to Wilson Packing Company. Going to the company's place of business, he found cow hides branded "4" on the right neck and "H" on the right jaw. He observed a pack of calf hides but did not inspect them.

In February, 1933, appellant and his partner Wills bought approximately 78 head of cattle from Mr. Hunt, a part of which were heifer yearlings. These heifers were branded "4" on the right neck and "H" on the right jaw. According to appellant's testimony, he and Wills sold some of the cattle they had bought from Mr. Hunt to different parties, but a number of the heifers had been cut back from the sales. Later appellant purchased Wills' interest in the cut-backs. It was appellant's version that the cows he shipped to Oklahoma City were the cut-backs of the cattle he bought from Mr. Hunt in 1933, and that the calves belonged to these cows. He said the cows were branded "4" on the right neck and "H" on the right jaw, and that the calves carried no brand.

Appellant excepted to the charge of the court on the ground that it did not adequately submit his affirmative defense. On this point we quote the charge, as follows: "You are further instructed if you believe from the evidence that the cattle shipped and in the possession of the defendant, if you find that they were, on or about the 17th day of July, 1936, belonged to the defendant and were cattle other than the cattle described and referred to in the indictment, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict 'not guilty'."

The effect of appellant's testimony was that the cows and calves he shipped from Jericho to Oklahoma City belonged to him. Of course, the court could have gone into more detail in submitting the affirmative defense, but we are not led to believe that appellant could have been prejudiced by the failure to advise the jury to acquit if they entertained a reasonable doubt as to whether the cows were cut-backs of cattle appellant had purchased from Mr. Hunt and were the mothers of the calves in question. In our opinion, the charge was adequate.

The State introduced in evidence certain notations made by Mr. Gillmore, brand inspector, at the time he inspected the cattle in the pen of the Drovers' Commission Company. Mr. Gillmore testified that the data on the record of inspection show-

ing that appellant had shipped the cattle from Jericho to Oklahoma City to Drovers' Commission Company was obtained by him from the waybill and stockyard record. Moreover, he testified that he determined from the stockyard record that the cattle in the Drovers' pens were those that had been received from the appellant. However, he testified that he made the notations showing the brands after he had personally inspected said cattle. In short, he received no information from records as to the brands. As already stated, he testified that the cows were branded "4" on the right neck and "H" on the right jaw, and the calves "H" on the right hip. Appellant objected to those notations which had been based upon information obtained from the stockyard records. If it should be conceded that the objection was well taken, it is observed that the evidence conclusively shows that the cattle inspected by Mr. Gillmore were those the Drovers' Commission Company had received from the appellant during the morning of July 15, 1936. It has been seen from the testimony hereinbefore detailed that no other cattle were received from Jericho, Texas, on the date in question; that the cattle shipped by appellant were received by Mr. McFarland in the stockyards at 9:15 A. M.; that the 17 cows and 11 calves carried in Rock Island car No. 73,678 were unloaded at the chute leading to the pens of the Drovers' Commission Company; that Mr. Gillmore inspected all of the cattle in said pen not later that 10 A. M. of the same morning; that on the same date Drovers' Commission Company sold the cattle for the account of appellant to Wilson Packing Company. Under the circumstances, we deem the error to have been of a harmless nature.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—A re-examination of the record in the light of appellant's motion and argument thereon leads us to believe that proper disposition of the case was made originally. The near approach of adjournment of the present term of court would render it impracticable to write further in detail regarding the matter even if it were desirable.

The motion is overruled.